**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 13-cv-02301-RM-CBS

ERICA HART,

    Plaintiff,

v.

VK INVESTMENT GROUP, LLC,
RONALD M. KLEIN, an individual

    Defendants.
_____

**STIPULATED PROTECTIVE ORDER**
_____

    This Protective Order, stipulated by the parties, is designed to preserve the confidentiality of certain testimony given by witnesses in this case and certain information contained in documents produced pursuant to the terms of this Protective Order. Documents deemed to be "confidential" shall be so designated in accordance with this Protective Order. Similarly, all corresponding testimony given by witnesses will be so designated.

    To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, and adequately protect material entitled to be kept confidential, it is, by agreement of the Plaintiff and the Defendants (collectively referred to as the "Parties" or individually as a "Party") and pursuant to the Court's authority under the Federal Rules of Civil Procedure, STIPULATED AND ORDERED that:

    1.    This Protective Order shall apply to all documents, materials, and information, including, without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other

information disclosed or produced pursuant to the disclosure or discovery duties created by Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that is confidential and implicates the privacy interests of Plaintiff or Defendants or third parties and/or information contained in confidential business records, personnel records, documents, materials, and communications. Counsel certify that they will review the documents and other information prior to designating them as CONFIDENTIAL and any designation shall be made pursuant to the requirements of Fed. R. Civ. P. 26(g). CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the Party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

    (a) attorneys who are actively working on this case;

    (b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings;

    (c) the Parties;

    (d) expert witnesses and consultants retained in connection with this

      proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings;

  (e)  the Court in this case and its employees ("Court Personnel");

  (f)  stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this case;

  (g)  deponents; and

  (h)  other persons by written agreement of the Parties.

5.  Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel, and stenographic reporters), the disclosing Party shall notify such person of the terms of this Protective Order.

6.  Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the term "CONFIDENTIAL" or by designating them as "CONFIDENTIAL" in correspondence between the Parties. Any Party may designate documents produced by the other Party as CONFIDENTIAL.

7.  In the event Electronically Stored Information ("ESI") is disclosed or discovered in the course of this litigation, including, but not limited to, ESI provided in a native format on hard disks or other magnetic data storage disks, removable disks and/or drives, portions thereof, or digital images of data storage disks or drives, such information may be designated as "CONFIDENTIAL" in a written communication or in an electronic mail message to the non-producing party as set forth in Paragraph 6 above.

8. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a Party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

9. A Party may object to the designation of particular CONFIDENTIAL information by giving written notice to the Party designating the disputed information. The written notice shall identify the information to which the objection is made and the specific basis for such objection. If the Parties cannot resolve the objection within five (5) business days after the time the notice is received, it shall be the obligation of the party designating information as confidential to file an appropriate motion within five (5) additional business days requesting that the Court determine whether the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on a motion regarding the designation. If the designating party fails to file such a motion within five (5) business days of the original objection, the disputed information shall lose its designation as Confidential Material treated as confidential in accordance with this Protective Order. In connection with any motion filed under this provision, the party designating the information as confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

10. In the event CONFIDENTIAL Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the parties through such use. In order to keep CONFIDENTIAL Information contained in documents filed with the court out of the public record, the party seeking to restrict public access to CONFIDENTIAL Information shall file a Motion to Restrict Access and shall comply with the requirements of D.C.COLO.LCivR 7.2.

11. The terms of this Protective Order shall survive the termination of this action and remain in force in perpetuity, and the Court may maintain continuing jurisdiction after the conclusion of the case to enforce the terms thereof. Upon conclusion of the litigation, including the time necessary to take and/or exhaust any appeals, any person in possession of CONFIDENTIAL Information under the terms of the order shall destroy any CONFIDENTIAL Information by shredding or other mutually acceptable method of permanent destruction. Notwithstanding the foregoing, legal counsel may retain a complete case file including CONFIDENTIAL Information for a period not longer than seven (7) years from the final conclusion of the litigation, after which all retained CONFIDENTIAL Information shall be timely destroyed as provided for in this paragraph.

12. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

DATED at Denver, Colorado, on November 6, 2013.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge